23SG-CC00024

EXHIBIT
B

Electronically Filed - STE GENEVIEVE - STE GENEVIEVE - June 09, 2023 - 02:15 PM

IN THE CIRCUIT COURT OF STE. GENEVIEVE COUNTY
STATE OF MISSOURI

| | |
|---|---|
| PAULA SWINDELLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No: |
| vs. | ) |
| | ) |
| LOVE'S TRAVEL STOPS & COUNTRY | ) |
| STORES, INC. | ) **PLAINTIFF DEMANDS TRIAL BY JURY.** |
| | ) |
| **Serve: Registered Agent** | ) |
| **CT Corporation** | ) |
| **120 S Central Ave.** | ) |
| **Clayton, Missouri 63105** | ) |
| | ) |
| Defendant. | ) |

# *PETITION FOR DAMAGES*

COMES NOW Plaintiff Paula Swindells ("PLAINTIFF"), by and through her undersigned counsel, and for her cause of action against Defendant Love's Travel Stops & Country Stores, Inc. ("LOVE'S"), alleges as follows:

### *GENERAL ALLEGATIONS*

1. PLAINTIFF is an individual citizen and resident of Statesville, North Carolina.

2. Defendant LOVE'S is a corporation incorporated under the laws of the State of Oklahoma that is registered to do business and is doing business in the State of Missouri with its principal place of business located in Oklahoma.

3. The Court has jurisdiction over this matter because the defendant can be found and served in the State of Missouri and because the defendant committed the tortious acts complained of herein in the State of Missouri.

4. Venue in this Court is proper because this Petition for Damages alleges a tort, and PLAINTIFF was first injured in Ste. Genevieve County, as further alleged below.

5. Defendant LOVE'S is, and at all times relevant herein, was the owner, operator, manager, and/or managing agent of the property located at 8349 Enterprise Rd., Bloomsdale, MO 63627.

6. At all relevant times herein, LOVE'S held the walkways to the travel stop located on the property, including but not limited to the concrete curb, sidewalk, stairs, and walkway to the building which houses Love's Travel Stop at 8349 Enterprise Rd., Bloomsdale, MO 63627, open to invitees, including PLAINTIFF and the public.

7. At all relevant times herein, LOVE'S knew the walkways to the travel stop it maintained and managed, including but not limited to the concrete sidewalk, stairs, and walkway to the travel stop at 8349 Enterprise Rd., Bloomsdale, MO 63627, were held open to invitees, including PLAINTIFF and the public.

8. At all relevant times hereto, LOVE'S knew, or should have known, that the curb, sidewalk, stairs, and walkway to the travel stop at 8349 Enterprise Rd., Bloomsdale, MO 63627, would be used by customers of the travel stop located at said building, including PLAINTIFF.

9. Despite LOVE'S knowing that customers of Love's Travel Stop would be traversing the curb, sidewalk, stairs, and walkway to Love's Travel Stop, Defendant LOVE'S failed to maintain the curb and sidewalk, which was broken and in disrepair, thereby violating local ordinance and building codes and constituting a dangerous condition. (the "DANGEROUS CONDITION").

10. On or about October 16, 2020, PLAINTIFF was traversing the curb to Love's Travel Stop when she fell and sustained serious and permanent injuries as a result of the DANGEROUS CONDITION and due to the negligence of LOVE'S.

11. Defendant LOVE'S owed a duty to PLAINTIFF to ensure that the premises was reasonably safe for use by PLAINTIFF and other invitees, and to remedy, repair, replace, barricade, warn, and/or otherwise protect PLAINITFF and other invitees from the DANGEROUS CONDITION.

## COUNT I
## NEGLIGENCE DIRECTED AGAINST DEFENDANT LOVE'S

12. PLAINTIFF realleges and incorporates by reference each and every allegation set forth in paragraphs 1-11 as though fully set forth herein.

13. Defendant LOVE'S knew or by using ordinary care should have known of the DANGEROUS CONDITION in time to have remedied, repaired, replaced, barricaded, or adequately warned of the condition.

14. The aforesaid incident and resulting injuries and damages, as hereinafter more fully set forth, sustained by PLAINTIFF were directly and proximately caused or contributed to be caused by Defendant LOVE'S breach of its duty and by its carelessness and negligence in that Defendant LOVE'S failed to use ordinary care in at least, but not limited to, the following respects:

   A. Failed to maintain the premises in such condition so that it would not constitute a condition that was dangerous to those traversing the area;

   B. Failed to take adequate steps to remedy, repair, replace, remove, barricade, warn, and/or otherwise abate the DANGEROUS CONDITION;

   C. Failed to inspect said area and/or discover said DANGEROUS CONDITION; and/or

   D. Failed to use ordinary care to make the area reasonably safe.

15. As a direct and proximate result of the negligence and carelessness of Defendant LOVE'S, PLAINTIFF tripped, fell, and suffered severe injuries and damages, including but not limited to the following:

    A.    PLAINTIFF sustained serious physical injuries to her right arm, right wrist, right upper extremity, left arm, left wrist, left upper extremity, face, and left lower extremity, neck, back, and shoulder, including but not limited to, a fracture of the dorsal aspect of the triquetrum, which required medical care and treatment and, requires, and will continue to require in the future, medical care and treatment;

    B.    PLAINTIFF suffered, suffers, and will in the future continue to suffer physical pain and suffering; and

    C.    PLAINTIFF's body has been physically impaired and diminished and, in the future, will continue to be physically impaired and diminished, which has decreased her quality of life, because her injuries, effects, and the results thereof are permanent and progressive.

    D.    PLAINTIFF sustained lost wages, continues to sustain lost wages, and will continue to sustain lost wages in the future.

WHEREFORE, Plaintiff Paula Swindells prays for a judgment against Defendant LOVE'S, in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) that is fair, just and reasonable under the circumstances, for post-judgment interest, for the taxable costs herein expended, and for such other and further relief as the Court deems just and proper based on the circumstances.

## COUNT II
## VICARIOUS LIABILITY DIRECTED AGAINST DEFENDANT LOVE'S

16.    PLAINTIFF realleges and incorporates by reference each and every allegation set forth in paragraphs 1-11 as though fully set forth herein.

17.    Defendant LOVE'S knew or by using ordinary care should have known of the DANGEROUS CONDITION in time to have remedied, repaired, replaced, barricaded, or adequately warned of the condition.

18.    At all times pertinent herein, LOVE'S acted by and through its agents, all of whom were in the course and scope of their employment.

19.    The aforesaid incident and resulting injuries and damages, as hereinafter more fully set forth, sustained by PLAINTIFF were directly and proximately caused or contributed to be

caused by Defendant LOVE'S agents breach of their duty and by its carelessness and negligence in that the agents of Defendant LOVE'S failed to use ordinary care in at least, but not limited to, the following respects:

    A.    Failed to maintain the premises in such condition so that it would not constitute a condition that was dangerous to those traversing the area;

    B.    Failed to take adequate steps to remedy, repair, replace, remove, barricade, warn, and/or otherwise abate the DANGEROUS CONDITION;

    C.    Failed to inspect said area and/or discover said DANGEROUS CONDITION; and/or

    D.    Failed to use ordinary care to make the area reasonably safe.

20. As a direct and proximate result of the negligence and carelessness of agents of Defendant LOVE'S, PLAINTIFF tripped, fell, and suffered severe injuries and damages, including but not limited to the following:

    A.    PLAINTIFF sustained serious physical injuries to her right arm, right wrist, right upper extremity, left arm, left wrist, left upper extremity, face, and left lower extremity, neck, back, and shoulder, including but not limited to, a fracture of the dorsal aspect of the triquetrum, which required medical care and treatment and, requires, and will continue to require in the future, medical care and treatment;

    B.    PLAINTIFF suffered, suffers, and will in the future continue to suffer physical pain and suffering; and

    C.    PLAINTIFF's body has been physically impaired and diminished and, in the future, will continue to be physically impaired and diminished, which has decreased her quality of life, because her injuries, effects, and the results thereof are permanent and progressive.

    D.    PLAINTIFF sustained lost wages, continues to sustain lost wages, and will continue to sustain lost wages in the future.

21. At the time of the negligence hereinabove alleged, Defendant LOVE'S had the right to control the manner in which their agents managed their property.

22. Defendant LOVE'S is vicariously liable for the negligent actions of Defendant LOVE'S agents under the doctrine of respondeat superior and/or agency.

WHEREFORE, Plaintiff Paula Swindells prays for a judgment against Defendant LOVE'S, in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) that is fair, just and reasonable under the circumstances, for post-judgment interest, for the taxable costs herein expended, and for such other and further relief as the Court deems just and proper based on the circumstances.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

/s/Dean C. Nichols
Dean C. Nichols #48739
NICHOLS LANG & HAMLIN, LLC
Attorneys for Plaintiff
1795 Clarkson Road, Suite 230
Chesterfield, Missouri 63017
(314) 429-1515
(314) 428-9592 (Fax)
dean@nlh-law.com